

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
04/24/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-10486 |
| LAWRENCE EUGENE FERNANDEZ; aka | § | CHAPTER 7 |
| FERNANDEZ; aka FERNANDEZ; aka | § | |
| FERNANDEZ, *et al* | § | |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| | § | |
| LAWRENCE EUGENE FERNANDEZ | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 11-1011 |
| | § | |
| CESAR ALBERTO GARCIA, *et al* | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Lawrence Fernandez, a Debtor in Bankruptcy Case No. 11-10486, filed this adversary proceeding against Cesar Garcia. Mr. Fernandez's claims against Mr. Garcia are property of the chapter 7 estate, and Mr. Fernandez does not have standing to bring the claims. The Court therefore dismisses the claims for lack of subject matter jurisdiction.

### Background

Mr. Fernandez and Mary Patricia Fernandez filed for chapter 7 bankruptcy on August 17, 2011. William Romo was appointed chapter 7 Trustee over the estate. The Debtors received a discharge under § 727 of the Bankruptcy Code on November 16, 2011. No. 11-10486, ECF No. 26. The chapter 7 Trustee abandoned all scheduled assets in the case on January 5, 2012.

On November 15, 2011, before the discharge and abandonment of assets, Mr. Fernandez, pro se, filed this adversary proceeding against Mr. Garcia. ECF No. 1. Mr. Fernandez alleged

that Mr. Garcia was his former business partner, and that Mr. Garcia converted a prefabricated fiberglass building that was property of the partnership. Mr. Fernandez sued for turnover of the prefabricated building, due process (taking), theft by conversion, breach of contract, unjust enrichment, common law fraud, deceptive trade practices, and intentional infliction of emotional distress.

On January 5, 2012, Mr. Fernandez filed a motion for entry of a default judgment in the adversary proceeding. ECF No. 11. On January 19, 2012, Mr. Garcia filed a response to the motion and an answer to the complaint. ECF Nos. 12 & 13. Mr. Garcia filed amended answers with a jury demand, asserting counterclaims against Mr. Fernandez, on January 19, 2012 and January 22, 2012. ECF Nos. 15, 16 & 17.

At a hearing on January 23, 2012, the Court stated on the record that Mr. Fernandez could not bring claims on behalf of the partnership in his individual capacity. Moreover, although Mr. Fernandez could represent himself, the partnership would have to be represented by counsel. The Court issued an order dismissing the claims for turnover, due process (taking), and theft by conversion. ECF No. 18. The Court also denied the motion for default. ECF No. 20.

Mr. Fernandez filed an amended complaint on March 6, 2012. ECF No. 28.

On March 29, 2012, the Court ordered the parties to show cause why this adversary proceeding should not be dismissed for lack of subject matter jurisdiction. At the time Mr. Fernandez filed this adversary proceeding, he did not have standing to pursue claims that were property of the chapter 7 bankruptcy estate in Case No. 11-10486. Only the Trustee had standing to pursue the claims. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008).

Although the Trustee has now abandoned all scheduled property of the estate, the claims asserted in this adversary proceeding were not listed on Mr. Fernandez's bankruptcy schedules. Assets that are not properly scheduled continue to belong to the bankruptcy estate even after

scheduled assets are abandoned. *Watson v. H.J. Heinz Co.*, 101 F. App'x 823, 825-26 (Fed. Cir. 2004). The Court noted in the show cause order that it appeared the claims remained with the bankruptcy estate and that Mr. Fernandez thus lacked standing to pursue the claims. If Mr. Fernandez lacked standing, the Court would not have subject matter jurisdiction. *See Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006) ("[T]he issue of standing is one of subject matter jurisdiction.").

The Court further noted in the show cause order that if the claims were scheduled and abandoned, Mr. Fernandez would have standing to bring the claims, but the Court might lack subject matter jurisdiction for a different reason: the claims would not relate to the bankruptcy case. 28 U.S.C. § 1334. The Court required the parties to file pleadings showing cause why this proceeding should not be dismissed for lack of subject matter jurisdiction.

On April 1, 2012, Mr. Garcia, the Defendant, filed a motion to dismiss the case for lack of subject matter jurisdiction, arguing that the claims were not listed on Mr. Fernandez's Schedule B in the bankruptcy case and remained with the bankruptcy estate. Accordingly, Mr. Fernandez did not have standing to bring the claims. ECF No. 37.

Mr. Fernandez filed a responsive pleading on April 12, 2012. ECF No. 40. Mr. Fernandez summarizes the facts of the underlying claims, notes that the Trustee failed to pursue the claims, and urges, in the interest of justice, that he should not suffer from the Trustee's oversight. Mr. Fernandez essentially argues that because the prefabricated building (the subject of the dismissed turnover claim) was scheduled, and because he informed the Trustee of the claims, the claims were effectively scheduled.

Mr. Fernandez also filed a supplemental document, labeled as an affidavit, arguing that the prefabricated building is not property of the partnership because the partnership should be dissolved. ECF No. 41. The supplemental document argues that trying the claims in this

adversary proceeding will involve deciding the facts that would be involved in an action to dissolve the partnership.

    Mr. Fernandez provides evidence that:

(i)     Mr. Fernandez corresponded with the Trustee on September 1, 2011 regarding the dispute with Mr. Garcia over the ownership of the prefabricated building, ECF No. 40, at 5-6;

(ii)     Schedule B lists Mr. Fernandez's 50% interest, worth $24,000.00, in the 7401-b Padre Island Hwy. Brownsville, TX partnership, ECF No. 40, at 8;

(iii)     Schedule C lists a prefabricated building as exempt property, with the value of the exemption listed at $12,000.00 and the value of the property listed at $30,000.00;

(iv)     his statement of financial affairs lists a pending partnership dispute in Cameron County District Court, Cause No. 2010-DCL-4503;

(v)     his statement of financial affairs lists the disputed property (described as "Trade tools & Portable building" worth $24,000.00, the same amount listed for the value of Mr. Fernandez's 50% interest in the partnership) under "property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of the case," ECF No. 40, at 16;

(vi)     Mr. Fernandez filed a statement indicating his intention to reaffirm the debt to Jerry L. Showman, secured by a prefabricated building, ECF No. 40, at 17; and

(vii)     Mr. Fernandez corresponded with the Trustee on September 13, 2011 regarding the reaffirmation of the debt to Showman and providing further information about the dispute with Mr. Garcia, ECF No. 40, at 19-22.

## Analysis

    Mr. Fernandez has not shown that the claims were scheduled. Because the claims were not scheduled, the Trustee has not abandoned the claims and they remain property of the estate. Only the Trustee—not Mr. Fernandez—has standing to assert the claims.

    A plaintiff cannot bring a claim in federal court unless he has standing under both Article III of the United States Constitution and under any relevant statute. To have standing under Article III, the plaintiff must have "alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Salazar v. Buono*, 130

S.Ct. 1803, 1814 (2010) (quoting *Horne v. Flores*, 129 S.Ct. 2579, 2592 (2009)). To have statutory standing, a plaintiff must come within the "zone of interests" for which a cause of action is available. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97 (1998). If Mr. Fernandez lacks standing, the Constitution does not allow the Court to exercise subject matter jurisdiction. *Cobb*, 461 F.3d at 635.

Under the Bankruptcy Code, only the Trustee has standing to pursue claims that are property of the estate. *Kane*, 535 F.3d at 385. Although the Trustee has now abandoned all scheduled property of the estate, the claims asserted in this adversary proceeding were not listed on Mr. Fernandez's bankruptcy schedules. Assets that are not properly scheduled continue to belong to the bankruptcy estate even after scheduled assets are abandoned. *Watson*, 823 F. App'x at 825-26. Therefore, only the Trustee has constitutional standing to bring these claims.

The claims were not listed on the Fernandezes' bankruptcy schedules. Even if the prefabricated building listed on Schedule C is the property that was originally the subject of the turnover claim, this listing has nothing to do with whether Mr. Fernandez's breach of contract, unjust enrichment, intentional misrepresentation, fraudulent inducement, and intentional distress claims were scheduled. The Court dismissed Mr. Fernandez's claims for turnover of the property of the estate, due process (taking), and theft by conversion on January 23, 2012. Because the prefabricated building is allegedly property of the 7401-b Padre Island partnership, Mr. Fernandez could not bring claims for turnover, due process, and conversion in his individual capacity. Although Mr. Fernandez argues in his supplemental document, ECF No. 41, that the partnership should be dissolved, an action for dissolution of the partnership is not before this Court; nor would such an action filed by Mr. Fernandez be within the Court's subject matter jurisdiction. Mr. Fernandez's schedules do not list any of these claims—the dismissed claims,

the remaining claims, or the potential action for dissolution of the partnership—as property of the estate.

Mr. Fernandez's correspondence with the Trustee about this dispute does not affect the Court's conclusion regarding subject matter jurisdiction. Regardless of whether the Trustee knew about the claims, the claims are currently property of the estate. The Court cannot confer standing when none exists.

Because Mr. Fernandez lacks standing to raise the claims in this adversary proceeding, this Court lacks subject matter jurisdiction. The Court therefore dismisses Mr. Fernandez's claims for lack of subject matter jurisdiction. The Court's dismissal is without prejudice to the Trustee's ability to assert the claims. If the Trustee abandons the claims, the dismissal will not prevent Mr. Fernandez from raising the claims in a court of competent jurisdiction.

The Court's subject matter jurisdiction over Mr. Garcia's counterclaims is also questionable. However, because Mr. Garcia moves for the dismissal of the entire adversary proceeding, ECF No. 37, the Court does not consider whether it has subject matter jurisdiction over Mr. Garcia's counterclaims.

## Conclusion

By separate order, the Court will dismiss this adversary proceeding.

SIGNED **April 24, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE